IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Vickie Barnett, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   1:20-cv-497 |
| Unifin, Inc., an Illinois corporation and LTD Acquisitions, LLC, a Delaware limited liability company, | ) ) ) ) | |
| Defendants. | ) ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Vickie Barnett, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages, and allege:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331. Moreover, Defendants' extensive business dealings here make them subject to this Court's general and specific jurisdiction.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant Unifin resides here and both Defendants transact substantial business here.

**PARTIES**

3. Plaintiff, Vickie Barnett ("Barnett"), is a citizen of the State of Ohio, from whom Defendants attempted to collect a defaulted consumer debt that she allegedly owed for a Mid America – Milestone credit card account, despite the fact that she had

exercised her rights to refuse to pay the debt and to be represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Unifin, Inc. ("Unifin"), is an Illinois corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts. From its offices in Skokie, Illinois, Defendant Unifin operates a nationwide debt collection business and attempts to collect defaulted debts from consumers in many states. In fact, Defendant Unifin was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

5. Defendant, LTD Acquisitions, LLC, ("LTD"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts that it did not originate. LTD operates a nationwide defaulted debt collection business, and attempts to collect debts, directly or indirectly, from consumers in many states, including consumers in the State of Illinois. In fact, Defendant LTD was acting as a debt collector, as that term is defined in the FDCPA, as to the defaulted consumer debts Defendants attempted to collect from Plaintiff.

6. Defendant LTD is a bad debt buyer that obtains/buys large portfolios of defaulted consumer debts for pennies on the dollar. Defendant LTD's principal, if not sole, business purpose is the collection of defaulted consumer debts originated by others.

7. Defendants Unifin and LTD are authorized to conduct business in Illinois,

and maintain registered agents here, see, records from the Illinois Secretary of State, attached as Group Exhibit A. In fact, Defendants conduct extensive business in Illinois.

## FACTUAL ALLEGATIONS

8.  Ms. Barnett is a disabled woman with limited assets and income, who fell behind on paying her bills, including a debt she allegedly owed to Mid America – Milestone. At some point in time after this debt went into default, Defendant LTD allegedly bought Ms. Barnett's Mid America – Milestone account, and Defendants then began trying to collect it from her by having Defendant LTD's sister company, LTD Financial Services, LP, send Ms. Barnett a collection letter, dated February 2, 2018. Ms. Barnett then sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program regarding Defendant LTD's collection actions. A copy of this collection letter is attached as Exhibit B.

9.  Accordingly, on May 27, 2018, one of Ms. Barnett's legal aid attorneys at LASPD informed Defendant LTD that Ms. Barnett was represented by counsel, and directed it to cease contacting her, and to cease all further collection activities, because Ms. Barnett was forced, by her financial circumstances, to refuse to pay her unsecured debt. A copy of this letter is attached as Exhibit C.

10. Nonetheless, Defendants then sent Ms. Barnett a collection letter, dated March 8, 2019, demanding payment of the Mid America – Milestone debt. A copy of this letter is attached as Exhibit D.

11. Accordingly, on September 28, 2019, Ms. Barnett's LASPD attorney had to send Defendants yet another letter, again directing that communications and collections cease. A copy of this letter is attached as Exhibit E.

12. Defendants' violations of the FDCPA were material because, although Plaintiff had been informed by counsel and believed that she had the right to refuse to pay this debt and to demand that collection communications cease, Defendants' collection communications made Plaintiff believe that her demand had been futile and that she did not have the rights Congress had granted her under the FDCPA.

13. Moreover, violations of the FDCPA which would lead a consumer to alter her course of action as to whether to pay a debt, or which would be a factor in the consumer's decision making process, are material, see, Lox v. CDA, 689 F.3d 818, 827 (7th Cir. 2012). Here, Defendants' actions caused Plaintiff to question whether she was still represented by counsel as to this debt, which caused stress and confusion as to whether she was required to pay the debt at issue.

14. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

15. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard, see, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

16. Plaintiff adopts and realleges ¶¶ 1-15.

17. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay, see, 15 U.S.C. § 1692c(c).

4

18. Here, the letters from Plaintiff's attorneys told Defendants to cease communications and cease collections. By directly communicating with Plaintiff regarding this debt and demanding payment (Exhibit D), Defendants violated § 1692c(c) of the FDCPA.

19. Defendants' violation of § 1692c(c) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

20. Plaintiff adopts and realleges ¶¶ 1-15.

21. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, see, 15 U.S.C. § 1692c(a)(2).

22. Defendants knew, or readily could have known, that Plaintiff was represented by counsel in connection with her debts because her attorneys had given notice in writing, that Plaintiff was represented by counsel, and had directed a cessation of communications with Plaintiff. By directly sending Plaintiff a collection letter (Exhibit D), despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

23. Defendants' violation of § 1692c(a)(2) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

5

**PRAYER FOR RELIEF**

Plaintiff, Vickie Barnett, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Barnett and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, Vickie Barnett, demands trial by jury.

Vickie Barnett,

By: /s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated: January 22, 2020

David J. Philipps   (Ill. Bar No. 06196285)
Mary E. Philipps   (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com